UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAYA AUNTOINETTE BUTLER
and CHANEY SINCLAIR LOCKRIDGE,

        Plaintiffs,

  v.

                                        Case No. 22-cv-1477-pp

STATE OF WISCONSIN, MILWAUKEE COUNTY,
GEORGE L. CHRISTENSON,
JOHN K. RILEY, RONNIE L. BUTLER
and PHYLLIS STEVENSON-BUTLER,

        Defendants.

**ORDER DISMISSING CASE FOR FAILURE TO DILIGENTLY PURSUE IT**

On October 20, 2022, Maya Auntoinette Butler filed a complaint against the former and current clerks of the Milwaukee County Circuit Court, the Milwaukee County Sheriff and the chief judge of the Milwaukee County Circuit Court, based on what she called the "sham legal process" in her small claims eviction case, Milwaukee County Court Case No. 2022SC021077. Case No. 22-cv-1240 (E.D. Wis.). The same day, Chaney Sinclair Lockridge, who resides at the same address as Butler (4051 N. 39th Street), filed an almost identical complaint against the same four defendants. Case No. 22-cv-1241 (E.D. Wis.).

On December 8, 2022, the plaintiffs filed seven additional pleadings—complaints or petitions for injunctions—all under separate case numbers. Case Nos. 22-cv-1477, 22-cv-1478, 22-cv-1479, 22-cv-1480, 22-cv-1481, 22-cv-1482, 22-cv-1483. All the cases involved ongoing eviction proceedings against

1

the plaintiffs. All the pleadings appeared to have been drafted in collaboration—they named the same defendants, incorporated the same theories and sought the same relief. In each of the cases, the plaintiffs filed motions for leave to proceed without prepaying the filing fees. See, *e.g.*, Dkt. Nos. 2, 3 (Case No. 22-cv-1477).

On December 30, 2022, attempting to put a stop to the defendants filing multiple lawsuits seeking the same relief from the same defendants for the same issue, the court issued an order discussing its concerns regarding the nine separate complaints, dismissing without prejudice eight of the duplicative cases[1] and screening this case—the first case that the plaintiffs had jointly filed. Dkt. No. 6 at 5–6, 17–18. The court concluded that the complaint in this case failed to state facts demonstrating that this federal court had either diversity or federal question jurisdiction:

> It names as defendants an entity that cannot be sued (the state of Wisconsin) and people who are immune from suit (the chief judge and the clerk of court). It asserts many different theories but provides no specific facts about what any of the other defendants did. It asks the court to enjoin an on-going state court proceeding (which is against longstanding public policy), even though the plaintiffs will have the opportunity at that proceeding to defend against the eviction.

Id. at 26. The court dismissed the complaint for failure to assert sufficient facts to support federal jurisdiction and for failure to state a claim for which a federal court could grant relief. Id. The court did not, however, dismiss the case. Instead, the court gave the plaintiffs an opportunity to file an amended

---

[1] Case Nos. 22-cv-1240, 22-cv-1241, 22-cv-1478, 22-cv-1479, 22-cv-1480, 22-cv-1481, 22-cv-1482 and 22-cv-1483.

complaint, providing a blank copy of the court's standard form and explaining that the form required the plaintiffs to identify the who, what, where, when and how of their claims. Id. The court also explained that when preparing the amended complaint on the form, the plaintiffs must include sufficient factual allegations to raise a right to relief beyond the speculative level. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The December 30, 2022 order also addressed the plaintiffs' motions for leave to proceed without prepaying the filing fees. Dkt. No. 6 at 27–28. The court denied these motions without prejudice for failure to provide adequate information:

> Both plaintiffs say that they are not employed, are not married and have no dependents, no income, no expenses and no property. Case No. 22-cv-1477, Dkt. Nos. 2, 3. The plaintiffs say they are paying no rent or mortgage, and the complaint alleges that they are subject to an eviction proceeding. They claim they have no expenses—not even food, clothing or medical expenses. Id. The court can't figure out how the plaintiffs are living. How do they eat? How do they address basic living requirements? Perhaps the plaintiffs have family or friends who provide for them and supply basic necessities, but there is nothing in the motions telling the court whether that is the case or who supports the plaintiffs.

Id. at 27. The court ordered the plaintiffs to either pay their respective filing fees or file an amended motion to proceed without prepaying the filing fee; the court provided a blank copy of the court's request form. Id.

The court concluded by informing the plaintiffs that if they wished to proceed with Case No. 22-cv-1477 (this case), they must file an amended complaint by the end of the day on January 27, 2023. Dkt. No. 6 at 28. The court warned the plaintiffs that if the court did not "receive an amended

3

complaint by the end of the day on January 27, 2023, the court may dismiss this case without further notice or hearing." Id. at 28–29.

In denying the plaintiffs' motions to proceed without prepaying the filing fees, the court also ordered that by the January 27 deadline, the plaintiffs must either pay the full filing fee or file an amended motion for leave to proceed without prepaying the fee. Id. at 29. The court again warned the plaintiffs that if they did "not comply with all the instructions in this order, the court may dismiss the case." Id.

The January 27, 2023 deadline has passed, and the court has not received either an amended complaint or a request for an extension of time. Nor has the court received an amended motion for leave to proceed without prepaying the filing fee and the docket does not indicate that the clerk's office has received payment of the filing fee. The court mailed the December 30, 2022 order to the plaintiffs at 4051 N. 39th Street in Milwaukee; that order has not been returned to the court as undeliverable and the court has no indication that the plaintiffs did not receive it. The state-court docket indicates that the plaintiffs did not appear at a January 17, 2023 contested eviction hearing, and that the Milwaukee County Circuit Court issued a writ of restitution on February 10, 2023. Butler, *et al.* v. Chaney Lockridge, *et al.*, Case No. 2022SC030086 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov.

Because the original complaint did not state a sufficient basis for federal jurisdiction or a claim for which a federal court could grant relief, because the

4

plaintiffs did not comply with the court's order to file an amended complaint by January 27, 2023 and because the plaintiffs did not comply with the court's order to pay the filing fee or file an amended application to proceed without paying the filing fee, the court will dismiss the case.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to diligently pursue it. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 24th day of February, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**